# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 8, 1913.

MT. VERNON-WOODBERRY COTTON DUCK COMPANY

VS.

THE CONTINENTAL TRUST COMPANY OF BALTIMORE, TRUSTEE, AND THE BALTIMORE TRUST COMPANY, TRUSTEE.

*J. Southgate Lemmon* and *Walter H. Buck* for plaintiffs.

*Nicholas P. Bond* for Continental Trust Company.

*Charles Markell* for Baltimore Trust Company.

*Charles Morris Howard* for intervening bondholders.

BOND, J.—

After the hearing in this case I called attention of counsel to the fact that as president of the mortgagor company I had executed its First Mortgage, which is one of the instruments to be construed in this case. And I expressed a preference that the case be reargued before another judge. At the request of all counsel, however, in view of the fact that I was only a temporary officer of the company, had no part in the preparation of the mortgage, and have had no connection with the company or its affairs for many years, I have concluded to decide the case, rather than pass it over to another term of court for another hearing.

The question of the propriety of applying the fund to payment for the machinery referred to in the petition is, I think, determined by Article 7, Section 2, which is identically the same in both the First Mortgage and the First Income Mortgage. It is true that Section 1 of that Article does provide that the proceeds of the sale of realty held in trust may be applied to the purchase of personal property, betterments and additions. And that provision, standing alone, is broad enough to include the purchase of new machinery in place of discarded machinery; and broad enough, too, to include the purchase of merchandise. But we find the subject of disposition and replacement of machinery, along with that of disposition and replacement of merchandise and raw materials, together made the subject of another and distinct section. From reading the two sections together I think the implication is this. Real and leasehold property, the more important security of the mortgage, may be sold, and released by the Trustee from the security of the mortgage, only under the precautionary formalities stated. There must first be delivered to the Trustee a written request of the Mortgagor Company, approved by resolution of its board of directors or its executive committee. Then the proceeds shall be taken and held in trust, to be applied to the purchase of new property to be added to the security of the mortgage. But machinery and merchandise may be sold and replaced without these formalities—in the discretion of the company, indeed—and shall be replaced by the

company without reference to the trustee, and without recourse to any fund from the sale of other mortgage security. Machinery, like other equipment, furniture and implements, and like merchandise and raw materials, is property to be kept up and replaced in the ordinary course of the company's business, that is to say, out of its own earnings. The contrary construction, contended for by the company, would permit it to deplete the mortgage security by consuming the proceeds of sale of important portions in restoring or rehabilitating machinery and other items of the remaining security. Such a construction would be opposed to the purpose of the instrument, and is to be avoided.

An order will be signed instructing the trustees that the fund in controversy be not applied to the payment of the company's debt for the machinery.